IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EDUARDO CAZAREZ,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff <br><br> v. <br><br> **WIRTZ REALTY CORPORATION., A/K/A WIRTZ RESIDENTIAL, D/B/A IVANHOE NURSERY,** <br><br> Defendant | **No.** 16 cv <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> *JURY DEMAND* |

**COMPLAINT**

NOW COMES Plaintiff, **EDUARDO CAZAREZ,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN and MEGHAN A. VANLEUWEN, and for his Complaint against Defendant, **WIRTZ REALTY CORPORATION., A/K/A WIRTZ RESIDENTIAL, D/B/A IVANHOE NURSERY,** states as follows:

## I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in

that during all times relevant to the employment relationship Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

### III.  THE PARTIES

3.  Defendant, **WIRTZ REALTY CORPORATION., A/K/A WIRTZ RESIDENTIAL, D/B/A IVANHOE NURSERY,** is a wholesale nursery stock provider and landscaping company, both growing and selling plants and trees, as well as performing landscaping duties for various clients in the Chicagoland area.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Plaintiff, **EDUARDO CAZAREZ** (hereinafter referred to as "the named Plaintiff"), is a past employee who performed work for Defendant as a nursery and landscaping laborer. Plaintiff watered, sorted, and prepared orders of plants grown by Defendant and brought in from other growers.  Plaintiff also performed general landscaping laborer duties at customers' houses. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above.  As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6.  The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7.  The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees.  Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV. STATUTORY VIOLATIONS

**Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

10. Plaintiff at all times pertinent to the cause of action was employed by Defendant, said employment being integral and indispensable to Defendants' business.

11. Defendants employed Plaintiff seasonally between 2013-2015 and paid Plaintiff on an hourly basis.

12. Approximately one or two months per season, Plaintiff worked primarily in Defendant's nursery, watering, tending to, and preparing orders of plants grown on Defendant's property as well as plants brought in from outside growers. The other months of the spring and summer seasons, Plaintiff primarily performed off-site landscaping laborer duties, including, but not limited to, mowing, trimming trees and bushes, planting flowers and laying sod and mulch.

13. In the 2013 season, although Plaintiff always or nearly always worked over forty (40) hours in a workweek, Defendant paid Plaintiff and other employees at a straight hourly rate

3

of pay for all hours worked, including those hours over forty (40) in a workweek, in violation of the state and federal statutes herein relied upon.

14. Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, and required the named Plaintiff, and all similarly situated members of the Plaintiff Class, to perform work off-the-clock before and after their scheduled shifts, to the benefit of the Defendant, several times a week. The off-the-clock work included cleaning the trucks and trailers and emptying the trash, gathering tools to be used throughout the day at job sites, checking the tools and trucks to be sure they were clean and working, loading the trucks, and receiving daily instructions. This work time off-the-clock from their scheduled shift was without pay as required by the state and federal statutes relied upon herein. This work off-the-clock occurred in each season Plaintiff worked for Defendant.

15. Furthermore, in each season of his employ, Plaintiff was frequently interrupted during his auto-deducted, thirty-minute meal break due to work volume, and required to return to work prior to the close of his unpaid meal break.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

1-15. Paragraphs 1 through 15 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 15 of this Count I.

16. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week, during the two (2) years preceding the filing of this action.

17. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of Count II.

18. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policy and practice at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

19. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any given week, in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count III.

20. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

21. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-19. Paragraphs 1 through 19 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of this Count IV.

20. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

21. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an

employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

22. Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and is determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 6/29/2016*

s/ John W. Billhorn

_____

John W. Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd. Suite 840
Chicago, IL, 60604
(312) 853-1450

Meghan A. VanLeuwen
FARMWORKER AND LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 784-3541